```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION

LORENZO MOORE,                    §
                                  §
     Plaintiff,                   §
                                  §
v.                                §      CIVIL ACTION NO. H-08-3633
                                  §
UNIVERSAL SODEXHO (USA), INC.,    §
MARINER ENERGY, INC., and         §
BLAKE OFFSHORE, LLC,              §
                                  §
     Defendants.                  §
```

MEMORANDUM AND ORDER

Pending is Plaintiff Lorenzo Moore's Motion to Remand (Document No. 30). Plaintiff brought this action in Texas state court alleging that he suffered severe injuries while he was a Jones Act seaman working for Universal Sodexho (USA), Inc., aboard a Blake Offshore, LLC, offshore platform.[1] Defendant Mariner Energy, Inc. ("Mariner"), removed Plaintiff's case on December 12, 2008, alleging that Plaintiff had fraudulently pleaded Jones Act seaman status, and, further, that this Court has original subject matter jurisdiction pursuant to the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §§ 1331 *et seq*.[2] Plaintiff then moved for

---

[1] *See* Document No. 1, ex. Orig. Pet.

[2] Document No. 1.

remand nearly five month later, on May 6, 2009.[3]  Mariner opposes remand, contending that (1) Plaintiff's Motion to Remand was untimely, (2) Plaintiff's First Amended Complaint,[4] filed prior to the Motion to Remand, invoked the jurisdiction of this Court, and (3) Plaintiff fraudulently pleaded Jones Act seaman status in his Original Complaint.[5]

According to the Fifth Circuit rule governing the instant case:

> If a plaintiff initially could have filed his action in federal court, yet chose to file in state court, even if a statutory provision prohibits the defendant from removing the action and the defendant removes despite a statutory proscription against such removal, the plaintiff must object to the improper removal within thirty days after the removal, or he waives his objection.  Only in the case of a lack of subject matter jurisdiction--such as no diversity of citizenship, or the absence of a federal question if that were the sole ground for removal--may the plaintiff object to removal after the thirty-day limit.  Any other objection is procedural and waived after thirty days.

Williams v. AC Spark Plugs Div. of Gen. Motors Corp., 985 F.2d 783, 787 (5th Cir. 1993); *see also* Kovacs v. Parker Drilling Co., No. Civ.A. 99-2945, 1999 WL 1138504, at *1-2 (E.D. La. Dec. 9, 1999) (denying remand of a case removed based on fraudulent Jones Act

---

[3] Document No. 30.

[4] Document No. 20.

[5] Document No. 34.  The Court does not reach the issue of Plaintiff's Jones Act seaman status.

seaman status because the motion to remand was untimely).  Here, Plaintiff's Jones Act claims could have been brought originally in this Court.  *See* 28 U.S.C. § 1333 (the saving-to-suitors clause); In re Dutile, 935 F.2d 61, 62 n.1 (5th Cir. 1991) ("The saving-to-suitors clause allows state courts to exercise concurrent jurisdiction over common-law claims arising in maritime contexts, including claims under the Jones Act.").  In addition, Mariner asserts that the Court has subject matter jurisdiction pursuant to OCSLA.  The Court finds from the pleadings that it does have subject matter jurisdiction over the case.  Plaintiff, therefore, was required to raise any objection to removal within thirty days after the case was removed, which he failed to do.  Accordingly, Plaintiff waived his objection to any procedural defects in the removal procedure, including his contention that a Jones Act case cannot be removed.[6]  *See* Williams, 985 F.2d at 786-88; Kovacs, 1999 WL 1138504, at *1-2.[7]

---

[6] In addition, the Court finds that Plaintiff, when he filed his First Amended Complaint prior to objecting to removal, participated in the federal proceedings to such a degree that he effectively waived his objection to removal.  Johnson v. Odeco Oil & Gas Co., 864 F.2d 40, 42 (5th Cir. 1989) (citing Lirette v. N.L. Sperry Sun, Inc., 820 F.2d 116, 118 (5th Cir. 1987) (en banc)).

[7] Mariner seeks to recover its attorneys' fees in opposing Plaintiff's Motion to Remand.  Mariner, however, failed to cite any authority, statutory or otherwise, authorizing such an award and the Court knows of none.  Mariner's request for attorneys' fees is therefore DENIED.

Based on the foregoing, it is

ORDERED that Plaintiff Lorenzo Moore's Motion to Remand (Document No. 30) is DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 19th day of June, 2009.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE